Filed 9/29/16  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F072246 |
| Plaintiff and Respondent, | (Super. Ct. No. BF131610A) |
| v. | |
| MARVIN RAYNA JOHNSON, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from an order of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Richard Doctoroff, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J. and McCabe, J.†

†       Judge of the Merced Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

Appointed counsel for defendant Marvin Rayna Johnson, Jr. asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts of the case. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant responded with a letter, requesting that we review the testimony of the gang expert at his 2010 trial; however, defendant already appealed the judgment in that case, contending "(1) there was insufficient evidence to support the active participation in a criminal street gang conviction, (2) there was insufficient evidence to support the gang enhancement, and (3) a finding of guilt based upon insufficient evidence violated his Fourteenth Amendment right to due process of law." We affirmed the judgment. (*People v. Johnson* (Aug. 1, 2011, F060744) [nonpub. opn.].)[1] Accordingly, the issue defendant raises now has already been reviewed on appeal and is not appealable a second time.

Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In 2010, defendant was convicted of possession of cocaine base for sale (Pen. Code, § 11351.5)[2] and active participation in a criminal street gang (§ 186.22, subd. (a)). (*People v. Johnson, supra,* F060744.)

On August 4, 2015, defendant filed a petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), requesting that the

---

[1]    We take judicial notice of our unpublished opinion.

[2]    All statutory references are to the Penal Code unless otherwise noted.

2

trial court reduce his felony conviction for possession of cocaine base for sale to a misdemeanor.

On August 19, 2015, the trial court denied the petition because defendant's conviction did not qualify for resentencing under Proposition 47.

On August 26, 2015, defendant filed a notice of appeal.

## DISCUSSION

On November 4, 2014, California voters enacted Proposition 47, and it went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)

Possession of cocaine base for sale (§ 11351.5) is not among the offenses listed in section 1170.18. Thus, defendant is not eligible for relief under Proposition 47. The trial court properly denied his petition for resentencing.

We see no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to Proposition 47 is affirmed.

Defendant's request for judicial notice is granted.